a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LUIS RAMIREZ,<br>Petitioner | CIVIL DOCKET NO. 1:19-CV-1358-P |
| VERSUS | JUDGE DRELL |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Luis Ramirez ("Ramirez") (#42303-054). Ramirez is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Pollock, Louisiana. Ramirez contests the legality of his convictions and sentence.

Because Ramirez cannot meet the requirements of the savings clause of 28 U.S.C. § 2255, the Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction.

I. **Background**

Ramirez was convicted of racketeering; racketeering conspiracy; kidnaping in aid of racketeering; murder in aid of racketeering; conspiracy to rob; robbery; and narcotics conspiracy. *United States v. Martinez*, 83 F. App'x 384, 385 (2d Cir. 2003). Ramirez was sentenced to life imprisonment plus five years. *Ramirez v. United States*, 07-CV-459, 2014 WL 5334036, at *1 (S.D.N.Y. Oct. 20, 2014). His convictions and sentence were affirmed. *United States v. Martinez*, 83 F. App'x 384 (2d Cir. 2003).

Ramirez filed a motion to vacate under 28 U.S.C. § 2255, which was denied. *Id.* The United States Court of Appeals for the Second Circuit denied a certificate of appealability. *Id.*

Ramirez subsequently filed a second or successive § 2255 motion, which was transferred to the Second Circuit for authorization. (Case No. 1:98-CR-438, S.D.N.Y., ECF No. 373). The appellate court stayed the motion pending decisions in other cases. (Case No. 16-2620, 2d Cir.; ECF No. 15). Ramirez was instructed to file a letter brief addressing the impact of those decisions once they were issued. (Case No. 16-2620, 2d Cir.; ECF No. 15). It does not appear that Ramirez ever filed a letter brief, and the case remains stayed. (Case No. 16-2620, 2d Cir.).

In his § 2241 Petition, Ramirez claims that 18 U.S.C. §§ 1962 and 1963 are unconstitutional. Therefore, Ramirez claims that the district court lacked jurisdiction to convict him.

## II. Law and Analysis

A federal prisoner may challenge his sentence under either §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed. *See Reyes–Requena v. U.S.*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. *See Cox v. Warden, Federal Detention*

*Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citing *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)). Claims that are cognizable under § 2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b). Because Ramirez previously filed a § 2255 motion, he cannot file another § 2255 motion without authorization from the appropriate court of appeals.

The "savings clause" of § 2255 provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

To fall under the savings clause of § 2255, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *See Reyes–Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Ramirez argues that "section 2255(e) restrictions are not applicable" to him because "to deny Petitioner's claim of illegal imprisonment by challenging the constitutionality of the law under procedural or timeliness is to effectively suspend the writ of habeas corpus contrary to the suspension clause." (ECF No. 1-2, pp. 4-5). Ramirez's argument is unavailing. The "gatekeeping provisions" of § 2255 that "restrict a prisoner's ability to bring new and repetitive claims in 'second or successive' habeas corpus actions" have been upheld against a Suspension Clause challenge. *See Boumediene v. Bush*, 553 U.S. 723, 774 (2008) (citing *Felker v. Turpin*, 518 U.S. 651, 662–664 (1996)).

Ramirez does not allege that his claim is based on a retroactively applicable Supreme Court decision that decriminalized the conduct for which he was convicted. Moreover, Ramirez's request for authorization is still pending in the appellate court. Therefore, Ramirez cannot show that § 2255 is inadequate or ineffective to test the legality of his detention. Ramirez is not entitled to proceed under the savings clause of § 2255(e), and he cannot establish that he is exempt from the restrictions on second and successive petitions.

### III. Conclusion

Because Ramirez cannot meet the requirements of the savings clause of § 2255(e), the Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction,

WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Ramirez's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

---

[1] *See Pack*, 218 F.3d at 454 ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 7th day of January 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE